LENHARDT TOOL AND DIE COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Steve Decker, Appellee).

Fifth District (Industrial Commission Division)   No. 5—91—0870WC

Opinion filed August 13, 1992.

James M. Gallen, of Evans & Dixon, of St. Louis, Missouri, for appellant.

William J. Meacham, of Smith, Allen, Delaney, Mendenhall & Associates, of Alton, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The appellee, Steve Decker (the claimant), filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*) contending he sustained compensable injuries in the course of and arising out of his employment with the appellant, Lenhardt Tool & Die Company (the employer). Following a hearing, the arbitrator denied compensation finding the claimant had failed to prove he sustained any permanent disability on the date of the alleged incident. The Industrial Commission (Commission) affirmed; however, the circuit court reversed, finding the decision was against the manifest weight of the evidence. The employer appealed to this court. We dismissed the appeal, finding the circuit court implicitly remanded the cause and therefore the circuit court's order was not appealable. On remand, the Commission awarded benefits and the circuit court confirmed. The employer now appeals, challenging the original circuit court decision.

The claimant testified that on the morning of June 21, 1984, he was working on a grinder machine for the employer. At about 11:30 a.m. he attempted to remove the grinding wheel from the machine. He testified the wheel weighed about 100 pounds. As he removed the wheel from the machine, his heel caught in the rubber matting on the floor. The wheel hit his leg and his right leg "locked up" and he found he could not move. Within 15 to 20 minutes he could walk again; however, he found he could not put any weight on his right leg.

The claimant was seen in the emergency room of Alton Memorial Hospital by Dr. John Stirnaman. X rays taken revealed advanced arthritic and degenerative changes in the right knee. In July of 1984, Stirnaman recommended surgery.

The claimant sought a second opinion from Dr. Earl Holt. Holt also recommended surgery. On July 23, 1984, Holt performed a Marmor medial compartment arthroplasty on the claimant's right knee. He found, among other things, advanced osteoarthritis. The claimant returned to

work on October 29, 1984. The claimant continued to be treated by Holt until March of 1985.

The record shows the claimant had an extensive history of problems and treatments involving the right knee. According to the record, the claimant injured his knee playing high school football in October of 1974. He continued to have problems with the knee, and surgery was performed in April of 1975. The record shows complaints concerning the right knee in 1976 and an injury to the knee in February of 1977.

The October 1979 medical reports of Dr. H. Beemer state the claimant complained his knee had never been completely okay since the April 1975 surgery. An arthrogram was performed, which revealed extensive calcification of the posterior portion of the medial menicus and a probable tear of the regenerated medial cartilage. Beemer performed a debridement procedure on the right knee. The claimant continued receiving treatment of his right knee from Beemer through the spring of 1980.

The medical records of Dr. M. Taylor, dated October 17, 1983, state the claimant had been forced to limit his athletic activities since the debridement procedure in 1979. The examination of that date revealed mild effusion of the right knee. The X rays showed severe medial and moderate lateral compartment osteoarthritic changes of the right knee.

In his deposition testimony, Dr. Holt opined the claimant's condition was related to his previous injuries. Dr. Stirnaman disagreed with Holt's opinion and believed the incident of June 21, 1984, aggravated his previous condition.

The arbitrator denied compensation, finding the claimant had failed to prove he sustained permanent injuries on June 21, 1984. The Commission without comment affirmed.

The circuit court reversed, finding the evidence "seems almost overwhelming that Petitioner [claimant] aggravated his pre-existing knee condition." The circuit court dismissed the opinion of Dr. Holt as "untraconservative [sic]." The court found Holt's reports and testimony showed he took an adversarial approach to workers' compensation cases.

The employer appealed to this court. The appeal was dismissed on the grounds that the circuit court order was not appealable because the order implicitly remanded the cause to the Commission for further proceedings. On remand, the Commission awarded temporary total disability benefits, medical expenses and permanent partial disability benefits representing a permanent loss of 45% of the use of the claimant's right leg. The circuit court confirmed and the employer now brings this appeal.

On appeal, the employer argues the circuit court erred in finding the original decision of the Commission was against the manifest weight of the evidence. The employer argues that the circuit court has substituted its judgment for that of the Commission.

■ It is for the Commission to decide questions of fact, including the credibility of witnesses, and to choose between conflicting medical evidence. (*Rowe Construction Co. v. Industrial Comm'n* (1984), 128 Ill. App. 3d 365, 470 N.E.2d 1196.) The Commission's findings and decisions will not be set aside on review unless they are against the manifest weight of the evidence. (*Rambert v. Industrial Comm'n* (1985), 133 Ill. App. 3d 895, 477 N.E.2d 1364.) The test of whether the Commission's decision was supported by the manifest weight of the evidence is not whether the reviewing court or any other tribunal might reach the opposite conclusion on the same evidence, but whether there was sufficient factual evidence in the record to support the Commission's decision. *Benson v. Industrial Comm'n* (1982), 91 Ill. 2d 445, 440 N.E.2d 90.

In the instant case, the claimant had an extensive history of injuries and problems involving his right knee over a period of 10 years. He underwent at least two operations on the knee.

Dr. Holt opined the problems for which he treated the claimant following the June 21, 1984, incident were related to the claimant's previous problems. On July 23, 1984, Holt examined the knee during surgery and found nothing to suggest "a recent additional superimposed job related injury." Dr. Stirnaman disagreed with Holt's opinion and believed the incident aggravated a preexisting condition.

■ We find the circuit court erred in substituting its judgment for that of the Commission. The Commission's original decision is supported by the testimony of Dr. Holt and the claimant's extensive history of problems with his right knee. In this case the medical testimony was conflicting. It was for the Commission to determine which testimony it found more credible. The record supports the Commission's decision to deny compensation.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and the Commission's original decision is reinstated.

Reversed; original Commission decision reinstated.

McCULLOUGH, P.J., and WOODWARD, H. LEWIS and RAKOW-SKI, JJ., concur.